# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                                Case No.    06-CV-00040
                                                       (99-CR-96)

**RAYFORD WILLIAMS,**

      **Movant.**

## DECISION AND ORDER

The movant Rayford Williams ("Williams") is currently serving a federal sentence at the Federal Correctional Institution in Greenville, Illinois. On December 6, 1999, this Court entered judgment against Williams, sentencing him to concurrent terms of 169 months imprisonment based on his plea of guilty to possessing and distributing heroin in violation of 21 U.S.C. § 841(a)(1). On December 9, 2005, the Court received a motion from Williams seeking relief pursuant to Rule 60 of the Federal Rules of Civil Procedure. By order dated December 14, 2005, the Court characterized Williams's Rule 60 motion as a successive motion and dismissed it for lack of jurisdiction. On January 6, 2006, Williams filed a notice of appeal seeking reversal of this Court's December 14, 2005 decision and order.

Rule 22 of the Federal Rules of Appellate Procedure states that:

(1) in a habeas corpus proceeding . . ., or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

Fed. R. App. P. 22(b)(1). Section 2253(c), in turn, explains that the final order in a proceeding under section 2255 may not be appealed without the issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1). And, such a certificate should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

On February 8, 2005, this Court dismissed Williams's motion to vacate, set aside or correct pursuant to 28 U.S.C. § 2255 as untimely. In this circuit, such a dismissal is one on the merits. *See Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005). Though Williams did not appeal this decision, he did file a motion essentially seeking reconsideration of the Court's decision. That motion too was denied on March 11, 2005. (*See Williams v. United States*, No. 2:04-cv-01172-RTR (E.D. Wis. Mar. 11, 2005).) On December 9, 2005, the Court received Williams's Rule 60 motion, which the Court determined was an attack on the merits of his conviction. Accordingly, the Court characterized this filing as a successive

2

motion and beyond the Court's jurisdiction to entertain. Williams's notice of appeal followed.

This Court will not issue a certificate of appealability. Williams's insistence, absent more, that his December 9, 2005 motion was, in fact, one pursuant to Rule 60 of the Federal Rules of Civil Procedure is not tenable. And, Williams has mustered no support for the proposition that his motion is cognizable under Rule 60. In fact, Williams's motion simply repeats previously raised grounds or develops new ones in attacking his conviction. It is clearly a successive motion, and Williams has not provided any argument to the contrary. Williams has not explained why the Court's analysis was flawed. Nor has he shown the denial of any constitutional rights.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Court **DENIES** the issuance of a Certificate of Appealability.

Dated at Milwaukee, Wisconsin this 23rd day of January, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**